UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 14 2011 ★

BROOKLYN OFFICE

---

DELILAH B. A. BARTELS, Individually and as Administratrix
of the Estate of BRIAN E. BARTELS,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS and
THE UNITED STATES OF AMERICA,

Defendants.

Civil Case No:
VERIFIED COMPLAINT

CV11 - 5521

Jury Trial Demanded

MAUSKOPF, J.

LEVY, M.J.

---

## PRELIMINARY STATEMENT

1. This action seeks monetary damages for personal injuries sustained by plaintiff's husband

Brian E. Bartels while an inmate at the Federal Bureau of Prisons, Metropolitan Detention

Center, 100 29th Street, Brooklyn, New York, and for wrongful death of the said Brian E. Bartels.

Decedent's injuries were sustained as a result of the negligence and wrongdoing on the part of

defendants herein and his wrongful death was effected and resulted therefrom.

## JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1346(b)(1) and 28 U.S.C.

§ 1331, as an action arising under the Laws of the United States. Pursuant to 28 U.S.C. § 1402,

the Eastern District of New York is the proper venue for this action as the acts herein involved

were committed in the Borough of Brooklyn, County of Kings, City and State of New York.

3. Pursuant to Title 28 U.S.C. § 2675 (a), plaintiff presented a written claim to the Federal

Bureau of Prisons by personal delivery on November 19, 2010 in connection with the claims

relating to the personal injuries of decedent and his resultant wrongful death. A copy of the said written claim is attached hereto and incorporated as Exhibit A.  On May 18, 2011, the said agency issued a denial of plaintiff's claim, a copy of which is attached hereto and incorporated as Exhibit B.

4.  Plaintiff files this Complaint within six months of the federal agency's denial of the claim pursuant to Title 28 U.S.C. § 2401(b).

## PARTIES

5. Plaintiff Delilah B. A. Bartels, a natural person, is the widow of decedent Brian E. Bartels, and is the duly appointed and qualified Administratrix of the Estate of Brian E. Bartels. Decedent's injuries were suffered while an inmate in the custody of the Metropolitan Detention Center in the County of Kings, State of New York, and he thereafter died at the Lutheran Medical Center, 150 55th Street, Brooklyn, New York, on December 3, 2008.

6. Plaintiff at all times relevant to this action has resided in Bronx, New York, and brings this action in her individual capacity as the surviving wife and heir of said decedent, as the Administratrix of decedent's estate, and as the mother and natural guardian of minor Briana A. S. Bartels, age 4, the surviving child of decedent.

7. Defendant Federal Bureau of Prisons is a Federal Agency existing under the Laws of the United States of America.

8. Defendant United States of America is the proper defendant in an action involving the Federal Bureau of Prisons pursuant to the Federal Tort Claims Act.

## STATEMENT OF CLAIMS

9. Plaintiff Delilah B.A. Bartels was married to decedent Brian E. Bartels on March 8, 2007, in Bronx, New York. They had one child, Briana A.S. Bartels, born on June 19, 2007.

10. Upon information and belief, decedent Brian Bartels was arrested for a probation violation on September 11, 2008, and admitted into the custody of the Federal Bureau of Prisons on the same date.

11. Mr. Bartels was sentenced to serve a six (6) month sentence with a two (2) year Supervised Release Term to follow.

12. Mr. Bartels was an inmate at the Federal Bureau of Prisons agency, Metropolitan Detention Center in Brooklyn, New York, from approximately September 11, 2008 through November 25, 2008.

13. Defendants were directly responsible for the safety and well-being of all resident inmates of the Metropolitan Detention Center, including decedent Brian Bartels.

14. During decedent's incarceration, decedent was held in the Unit G-43 of the Metropolitan Detention Center.

15. During all times aforementioned, defendants were aware of, or should have been aware of illegal activities, including amongst others, gambling, violent behavior, and the presence of menacing inmates in Unit G-43 of the said detention center.

16. On November 25, 2008, at approximately 3:25P.M,. while decedent was situated in the said unit, he was the victim of an assault committed upon him by another inmate.

17. During all times aforementioned, defendant had actual knowledge, or should have known, of the illegal activities, dangerous acts and actions, and the violent propensities of the inmate

who assaulted decedent.

18. The charged inmate was able to violently strike decedent in the head and smash him to the ground, and, as a result, decedent was caused to sustain, amongst other injuries, a skull fracture, subdural hematoma, brain contusions, cerebral edema, intracranial hemorrhages and lacerations to scalp and head.

19. Defendants failed to take reasonable and necessary steps and procedures to prevent the said occurrence although defendants, by their agents, officers, employers and personnel had notice, actual and constructive, of the potential for danger and harm to decedent herein.

20. After the assault, the prison personnel failed to take such steps and procedures required to provide emergent and necessary medical treatment and care.

21. Decedent was thereafter escorted to Health Services.

22. Decedent, bleeding from his skull, demonstrated an alteration in mental status.

23. Decedent was ultimately transported to Lutheran Medical Center in Brooklyn, New York, where he expired on December 3, 2008, as a result of those injuries sustained in the said federal institution.

24. Plaintiff alleges that the aforementioned assault, resultant injuries and death of decedent occurred as a direct result of the negligence and carelessness of defendants. Defendants committed wrongs, in that:

    a. defendant placed and kept decedent in a unit along with notorious criminals of a vicious and murderous nature;

    b. defendants failed to properly and adequately supervise, maintain, monitor and control the unit location where decedent was confined;

c. G-42 Unit officers failed to remain alert and monitor inmates' behavior, and to further be prepared for and/or to prevent assaults on inmates;

d. defendants failed to provide active supervision while the inmates were in a congregate setting;

e. defendants failed to position and/or place a sufficient number of unit officers at locations that would allow them to observe and prevent inmate-on-inmate assaults;

f. defendants failed to exercise reasonable care to safeguard decedent while in the physical custody and under the control of the Federal Bureau of Prisons;

g. defendants failed to properly and sufficiently maintain constant contact with the inmates and to consistently monitor inmate behavior for the purpose of preventing inmate-on-inmate assaults;

h. defendants failed to address the risk of assault to the class of prisoners, including claimant, when situated and placed out of the sight of an officer during the time that they remain in a congregate setting;

i. defendants had actual and/or constructive notice of the aggressive and dangerous propensities and/or tendencies of inmates in the said institution;

j. defendants failed to assign and properly position a sufficient number of unit guards at the location involved herein;

k. defendants allowed an excess number of inmates to be and remain at the said location;

l. defendants failed to render or provide timely, adequate and required medical treatment, maintenance and care;

m. defendants failed to provide for the required protection, safekeeping anc are of plaintiff's intestate;

n. and in other ways as may be determined upon completion of discovery proceedings.

25. That by reason of the foregoing, plaintiff's decedent was caused to suffer wrongful death and conscious pain and suffering.

26. That decedent herein did not cause or contribute to those injuries sustained by him as a result of the foregoing occurrence.

27. That as a result of the negligence and wrongdoing of the defendants herein, Brian E. Bartels expired on December 3, 2008.

28. That at the time of expiration of Brian E. Bartels, he left him surviving certain distributees and next of kin as hereinabove indicated.

29. That as a result of the negligence and wrongdoing of the said defendants, the said next of kin suffered extensive monetary and pecuniary losses, and were further deprived of the companionship, services, support, counseling and guidance of decedent Brian E. Bartels.

30. That defendants failed to comply with those rules, regulations and guidelines, as promulgated, relating to the care and control of those inmates over whom defendants were required to exercise reasonable and proper supervision and custody.

## RELIEF

WHEREFORE, Plaintiff demands judgment:

1.  Awarding plaintiff damages in the sum of $1,300,000.00 for personal injuries suffered by

    Brian E. Bartels;

2.  Awarding plaintiff damages in the sum of $3,600,000.00 for the wrongful death of

    decedent Brian E. Bartels;

3.  Awarding plaintiff the reasonable costs and reasonable attorneys' fees in this action;

4.  Granting plaintiff such other and further relief as may be just and appropriate.


Yours, etc.

**GOLDSTEIN & GOLDSTEIN, P.C.**

By:_____

ARNOLD J. GOLDSTEIN
Attorneys for Plaintiff
Office & P.O. Address
26 Court Street - Suite 2005
Brooklyn, New York 11242
(718)855-0551

## ATTORNEY'S VERIFICATION

**ARNOLD J. GOLDSTEIN**, an attorney duly admitted to practice before the United States District Court of the Eastern District of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at GOLDSTEIN & GOLDSTEIN, attorneys of record for Plaintiff, DELILAH B. A. BARTELS, Individually and as Administratrix of the Estate of BRIAN E. BARTELS. I have read the annexed **COMPLAINT** and know the contents thereof, and the same is true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and, as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

Brooklyn, New York
Dated: November 10, 2011

_____
**ARNOLD J. GOLDSTEIN**

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br>FEDERAL BUREAU OF PRISONS<br>Northeast Regional Office-7th Floor<br>Second Street and Chestnut Street<br>Philadelphia, PA 19106 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)  Claimant:<br>Delilah B.A. Bartels, Individually and as Administratrix of Estate of Brian E. Bartels (see attached sheet) |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>□ MILITARY ⊠ CIVILIAN | 4. DATE OF BIRTH<br>10-3-1988 | 5. MARITAL STATUS<br>Widow | 6. DATE AND DAY OF ACCIDENT<br>11-25-2008 - Tuesday | 7. TIME (A.M. OR P.M.)<br>Approx. 3:25P.M. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Decedent Brian E. Bartels, born on July 4, 1986, was an inmate at the Metropolitan Detention Center, 100 29th Street, Brooklyn, New York 11232. On November 25, 2008, at or about 3:25 P.M., while situated in Unit G-43 of the said facility, he was the victim of an assault by another inmate. (Kindly see attached sheet for details.)

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code)

Not applicable.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

Not applicable.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Decedent Brian E. Bartels was caused to sustain, amongst other injuries, skull fracture, subdural hematoma, brain contusions, cerebral edema, intracranial hemorrhages, lacerations to scalp and lip, respiratory failure, bilateral craniectomies, conscious pain and suffering and wrongful death.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| Agents, employees and/or personnel at the said detention center, as well as inmates located thereat. | The precise names and addresses of these individuals are not presently known to Claimant. Attached as Exhibit A is the U. S. Government Memorandum concerning this event. | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | | |
|---|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| N o n e | $ 1,300,000.00 | $ 3,600,000.00 | $ 4,900.000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form<br>718-960-4577 | 14. DATE OF SIGNATURE<br>11-18-10 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

## As to Paragraph "2" (Continued)

Claimant:   Delilah B.A. Bartels, Individually and as Administratix
       of the Estate of Brian E. Bartels
       30 Richmond Plaza
       Bronx, New York 10453

Attorneys for Claimant:  Goldstein & Goldstein, P.C.
       26 Court Street
       Brooklyn, New York 11242

## As to Paragraph "8" (Continued)

Claimant Delilah B.A. Bartels, the widow of decedent Brian E. Bartels, was duly appointed as Administratrix of his Estate following his demise on December 3, 2008. (See Letters of Administration attached hereto as Exhibit B.) On November 25, 2008, decedent Bartels was an inmate at the Metropolitan Detention Center, 100 29th Street, Brooklyn, New York 11232. At approximately 3:25 P.M. on that date and while situated in Unit G-43 of the said institution, decedent was the victim of an assault by another inmate. Decedent was ultimately transported to Lutheran Medical Center, 150 55th Street, Brooklyn, New York 11230 and he expired on December 3, 2008 (see Exhibit C for results of Post-Mortem examination).

The within claim is based on the failure of the Federal Bureau of Prisons to properly and adequately supervise, maintain, monitor and control the unit location where decedent was confined; in the failure of the G-42 Unit officers to remain alert and monitor inmates' behavior, and to further be prepared for and/or to prevent assaults on inmates; in failing to provide active supervision while the inmates were in a congregate

setting; in failing to position and/or place sufficient unit officers at locations that would allow them to observe and prevent "inmate on inmate" assaults; in failing to exercise reasonable care to safeguard the decedent while in the physical custody and under the control of the Federal Bureau of Prisons; in failing to properly and sufficiently maintain constant contact with the inmates and to consistently monitor inmate behavior for the purpose of preventing inmate-on-inmate assaults; in failing to address the risk of assault to a class of prisoners, including claimant, when situated and placed out of the sight of an officer during the time that they remain in a congregate setting; in having actual and/or constructive notice of the aggressive and dangerous propensities and/or tendencies of inmates in the said institution; in having actual and/or constructive knowledge of the violent propensities of the inmate who assaulted decedent; in failing to assign and properly position a sufficient number of unit guards at the location herein involved; in allowing an excess number of inmates to be and remain at the said location; in failing to render or provide timely and adequate medical treatment, maintenance and care; in failing to provide for the required protection, safekeeping and care of claimant's intestate; and in such other ways as may be determined upon completion of discovery proceedings.

Claimant was married to decedent (kindly refer to Exhibit D) and Briana A.S. Bartels was born to her parents, Delilah B.A. Bartels and Brian E. Bartels, on June 19, 2007 (see Exhibit E).

Attached hereto are relevant medical records relating to decedent's injuries (Exhibit F).

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes  ☒ No     17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?  (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, *each claimant should submit a separate claim form.***

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95   BACK

# EXHIBIT A



UNITED STATES GOVERNMENT
## MEMORANDUM
Metropolitan Detention Center
Brooklyn, New York 11232

November 25, 2008

MEMORANDUM FOR Hess, Captain

FROM: M. WILKINS, Lieutenant

SUBJECT: Assaulting Another Person

INCIDENT: ASSAULTING W/O SERIOUS injury

DATE: NOVEMBER 25, 2008

TIME: 3:25 PM

VICTIM(S): INMATE BARTEL REG.63819~053

SUBJECT: INMATE        (b)(7)c, (b)(7)f

WITNESSES:

THIS FILE PERTAINS TO AN INVESTIGATION AND IS FOR OFFICIAL USE
ONLY.  ALL INVESTIGATION FILES WILL BE RETURNED TO THE SPECIAL
INVESTIGATIVE SUPERVISORS' (SIS) OFFICE AFTER REVIEW.

Incident Summary: On November 25, 2008, at approximately 3:25 pm
the G-42 unit officer call activated his body alarm · after he
observed inmate        (b)(7)c, (b)(7)f        punch Inmate Bartel
reg.63819-053 in the dace causing him to all to the floor and
hitting his head. The unit officer attempted to separate the
inmates. Responding staff placed inmate        (b)(7)c, (b)(7)f
                                (b)(5)
     Inmate Bartel Reg.,was taken to 3ᵗᵘ floor medical were he
was medical assessed and escorted to the local hospital. The
investigation continues.

## LIMITED OFFICIAL USE — SENSITIVE

**Staff Statements:**

A memorandum submitted by :   Lieutenant M.  Wilkins
                              Food service   R.  Birkland

**Witness Statement:**

**Subject Statements #1:** .  Inmate        (b)(7)c, (b)(7)f

**SUMMARY CONCLUSION:**

                          (b)(5), (b)(7)c, (b)(7)f

**LIMITED OFFICIAL USE — SENSITIVE**

BP-S583.055
DEC 05

**Report of Incident** CDFRM

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| SECTION 1: GENERAL INFORMATION | | | | | |
|---|---|---|---|---|---|
| INSTITUTION: | MDC Brooklyn | REGION: | | Northeast Region | |
| REPORT DATE: | November 26, 2008 | SUBMITTED BY: | | Cameron Lindsay, Warden | |
| DATE OF INCIDENT: | November 25, 2008 | TIME OF INCIDENT: | | 3:25 p.m. | |
| FBI NOTIFIED (YES/NO): | Yes | USMS NOTIFIED (YES/NO): | | No | |

| INCIDENT LOCATION (EXAMPLE: SHU): | Unit G-43, Common Area |
|---|---|
| PROHIBITED ACT CODE(S): | 101-Assault(Serious) |
| INCIDENT REPORT NUMBER(S) | (b)(2)High |

TYPE OF INCIDENT: (MARK ("X") WHERE APPROPRIATE AND COMPLETE SECTIONS SPECIFIED)

|    | |
|---|---|
|    | ESCAPE (COMPLETE SECTIONS 1, 2, & 6) |
|    | ATTEMPTED ESCAPE (COMPLETE SECTIONS 1, 2, & 6) |
| XX | ASSAULT, INMATE ON INMATE (COMPLETE SECTIONS 1 & 6) |
|    | ASSAULT, INMATE ON STAFF (COMPLETE SECTIONS 1 & 6) |
|    | SEXUAL ASSAULT, INMATE ON INMATE (COMPLETE SECTIONS 1 & 6) |
|    | SEXUAL ASSAULT, INMATE ON STAFF (COMPLETE SECTIONS 1 & 6) |
|    | INMATE DEATH (COMPLETE SECTIONS 1, 3 & 6) |
|    | FIGHT (COMPLETE SECTIONS 1 & 6) |
|    | CELL FIRE (COMPLETE SECTIONS 1 & 6) |
|    | SELF MUTILATION (COMPLETE SECTIONS 1 & 6) |
|    | SUICIDE ATTEMPT (COMPLETE SECTIONS 1 & 6) |
|    | INTRODUCTION OF CONTRABAND (COMPLETE SECTIONS 1 & 6) |
| XX | DISRUPTIVE BEHAVIOR (COMPLETE SECTIONS 1 & 6) |
|    | WEAPONS DISCHARGE (COMPLETE SECTIONS 1, 4, & 6) |
|    | USE OF FORCE (COMPLETE SECTIONS 1, 5, & 6) |
|    | MISCELLANEOUS (SPECIFY) (COMPLETE SECTIONS 1 & 6): |

| WAS A WEAPON USED? (YES/NO) | No | IF YES, WHAT TYPE? | N/A |
|---|---|---|---|

IF THIS INCIDENT HAS MORE THAN FIVE (5) INMATES INVOLVED, ADDITIONAL LINES CAN BE ADDED BY PLACING CURSOR IN FIRST BLOCK UNDER "INMATE(S) INVOLVED." ON TOOL BAR SELECT TABLE, INSERT, # OF ROWS NEEDED.

| INMATE(S) INVOLVED | REG. NO. | RACE | SEX | ETH | CITZ | CIMS CATEGORY | STG / MGMT INT GROUP |
|---|---|---|---|---|---|---|---|
| Brian Bartels | #63819-053 | Black | Male | Oth. | Gabana | Separation | None |
| | (b)(7)c, (b)(7)f | | | | | | |

CONFLICT/CONCERNS AMONG RACIAL, ETHNIC, OR SECURITY THREAT GROUPS:

| Name |  |  |  |
|---|---|---|---|
| STAFF INJURIES (YES/NO): | No | INMATE INJURIES (YES/NO): | Yes |

IF MEDICAL TREATMENT REQUIRED BY EITHER STAFF OR INMATES, LIST NAMES, INJURIES, TREATMENT AND NAME OF MEDICAL STAFF PRESENT PRIOR TO OR DURING INCIDENT:

J. Saint Preux, Physician's Assistant, medically assessed Inmate (b)(7)c, (b)(7)f
    (b)(7)c                                    (b)(5), (b)(7)f

P. Goldstein, Medical Doctor, medically assessed Inmate Brian Bartels, #63819-053.  Inmate Bartels sustained a laceration to the posterior aspect of his skull.  Due to the extent of his injuries, Inmate Bartels was escorted to an outside local hospital for further treatment of his injuries.

**SECTION 2: ESCAPE OR ATTEMPTED ESCAPE (MARK ("X") WHERE APPROPRIATE) N/A**

|  |  |  |
|---|---|---|
|  | INSIDE PERIMETER |  |
|  | OUTSIDE PERIMETER |  |
|  | ESCORTED TRIP |  |
|  | FURLOUGH (SOCIAL/LEGAL/MEDICAL) |  |
|  | FURLOUGH (INSTITUTION TO INSTITUTION) |  |
|  | FURLOUGH (INSTITUTION TO COMMUNITY CONFINEMENT CENTER) |  |
|  | OTHER (SPECIFY): |  |

**SECTION 3: INMATE DEATH N/A**

| INMATE DEATH (LOCATION): |  |  |
|---|---|---|
| CAUSE OF DEATH: |  |  |
| INVESTIGATIVE STEPS BEING TAKEN, IF NECESSARY: |  |  |
|  |  |  |
| IF ALIEN, HAVE CONSULAR AND IMMIGRATION OFFICIALS BEEN NOTIFIED? (YES/NO/NOT APPLICABLE) |  |  |
| HAS SURVIVOR/DESIGNEE BEEN NOTIFIED? (YES/NO) |  |  |
| NAME AND ADDRESS OF SURVIVOR OR DESIGNEE: |  |  |
| MEDICAL COMMENTS: |  |  |

**SECTION 4: WEAPONS DISCHARGE N/A**

| NAME OF EMPLOYEE: |  |
|---|---|
| POST ASSIGNMENT: |  |
| TYPE OF WEAPON: |  |
| NUMBER OF ROUNDS FIRED: |  |

DISCHARGE WAS (MARK ("X") WHERE APPROPRIATE)

|  |  |  |
|---|---|---|
|  | ACCIDENTAL |  |
|  | LINE OF DUTY |  |
|  | OTHER (SPECIFY): |  |

| WAS REGIONAL OFFICE NOTIFIED (YES/NO): |  |
|---|---|

CONFRONTATION AVOIDANCE STAFF (NAME AND TITLE) -- PRESS ENTER AFTER EACH NAME/TITLE

FORCE CELL TEAM MEMBERS, IF USED (NAME AND TITLE) -- PRESS ENTER AFTER EACH NAME/TITLE

WAS THE INCIDENT VIDEOTAPED SEQUENTIALLY AS OUTLINED IN THE CORRECTIONAL SERVICES MANUAL? (YES/NO)

IF NO, EXPLAIN WHY NOT, AND INDICATE AT WHAT POINT TAPING DID BEGIN.

INDICATE TAPE ECN (EVIDENCE CONTROL #)

**SECTION 6: DESCRIPTION OF INCIDENT**

DESCRIPTION OF INCIDENT (IF USE OF FORCE, INCLUDE DETAILS, SUCH AS NAME OF THE SUPERVISOR APPLYING THE CHEMICAL AGENT AND/OR RESTRAINTS, REASONS FOR USE OF HARD RESTRAINTS INSTEAD OF SOFT RESTRAINTS, ETC.

On Tuesday, November 25, 2008, at approximately 3:25 p.m., the G-43 Unit Officer observed Inmate (b)(7)c, (b)(7)f strike Inmate Brian Bartels, #63819-053, in the facial area with clenched fists. After being struck, Inmate Bartels fell, striking the back of his head on the concrete floor. Responding staff secured both inmates. Inmate Bartels was escorted to Health Services, where he was medically assessed, and the decision was made to escort him to an outside local hospital for further treatment of his injuries. Inmate (b)(5)       The Federal Bureau of Investigation was notified, and an investigation (b)(5), (b)(7)c, (b)(7)f
continues.

Warden/Designee's Signature          Date

ROUTING:    REGION/REGIONAL DIRECTOR;    REGION/CORR SVCS;    REGION/PSYCH SVCS;    BOP-DIR/DIRECTOR;
            BOP-CPD/CORR SVCS 583S AND 586S;    BOP-HSD/ASSISTANT DIRECTOR;    BOP-CPD/PSYCK SVCS
FILE:       CAPTAIN;  INMATE CENTRAL FILE   (This form may be replicated via WP)

Page 4 of 4

G-43

## SYNOPSIS:

On 11/25/08, the SIS Department became aware that an assault had occurred on Unit G-43 on 11/25/08, at approximately 3:25 p.m. Inmate(b)(7)c. (b)(7)f was observed striking inmate Bartels with a clenched fist to the face. The unit officer activated his body alarm, and responding staff recalled all the inmates to their assigned cells. Inmate (b)(7)c. (b)(7)f                                          (b)(5)

Inmate Bartels was transported to the local hospital for further treatment of his head injury he sustained during the incident. Subsequently, the unit was placed on lockdown status pending mass interviews.

## NICE CAMERA SYSTEM:

A review of the Nice Camera System revealed inmate (b)(7)c. (b)(7)e striking inmate Bartels to the face area causing inmate Bartels to fall on the ground. Inmate Bartels began bleeding from his head.

Mass interviews on unit G-43 were conducted November 26, 2008, at approximately 12:20 p.m. The following information was ascertained.

(b)(7)c. (b)(7)f

## CONCLUSION AND RECOMMENDATION:

From the information obtained through mass interviews indicated that inmates (b)(7)c. (b)(7)f and Bartels had a history of gambling dice. Approximately two (2) weeks ago, inmate (b)(7)c. (b)(7)f lost a pair of sweat pant and shirt, along with $150-200 dollars of commissary to inmate Bartels. On November 25, 2008, inmate (b)(7)c. (b)(7)f erquested his sweat pant and shirt back from inmate Bartels and inmate Bartels refused to return the requested items. Inmate (b)(7)c. (b)(7)f did not like being denied by inmate Bartels and inmate (b)(7)c. (b)(7)f assaulted inmate Bartels. Information received also indicated that there is no tension in the unit amongst the inmate population, and the inmates involved in the incident were identified and removed from the unit. Therefore, it is recommended that the unit be removed from lock-down status and returned to normal operation.



Time Line November 25, 2008 Unit G-43

~~occurring~~

3:25 p.m.- The Unit J-73 Officer activated his body alarm after obse ng Inmate (b)(7)c. (b)(7)f
  (b)(7)c. (b)(7)f    strike Inmate Brian Bartels, #63819-053, in the facial area. Inmate
Bartels fell to the floor striking the back of his head on the concrete.

3:28 p.m.- all inmates assigned to Unit G-43 were secured in their cells.

3:30 p.m.- Inmate                        (b)(5). (b)(7)c. (b)(7)f

3:32 p.m.- Inmate Brian Bartels, #63819-053, escorted from Unit G-43 to Health Services vis
gurney.

3:40 p.m.- Crime scene secured by Special Investigative staff. Crime scene was marked using
crime scene tape.

3:45 p.m.- Mr. Corneilio, Special Investigative agent, attempted to contact Mr. Randazzo,
Special Agent, Federal Bureau of Investigation, to inform him of the incident involving Inmates
            (b)(7)c. (b)(7)f        and Brian Bartels, #63819-053. A voice mail was left
informing Mr. Randazzo to contact the institution.

3:57 p.m.- Mr. Randazzo, Special Agent, Federal Bureau of Investigation, contacted Mr.
Corneilio, Special Investigative Agent, and released the crime scene to MDC Brooklyn's Special
Investigative department..

4:00 p.m.- Special Investigative staff initiated the processing of the crime scene.

4:05 p.m.- Inmate Brian Bartel, #63819-053, was escorted from Health Services to the local
hospital via ambulance.

5:04 p.m.- Inmate                   (b)(5). (b)(7)c. (b)(7)f

5:10 p.m.- Inmate Brian Bartel's, #63819-053, personal property was secured by staff.

5:10 p.m.-The Unit G-43 crime scene was processed by MDC Brooklyn's Special Investigative
department.

5:13 p.m.- Inmate                   (b)(5). (b)(7)c. (b)(7)f

5:15 p.m.- Inmate Brian Bartel's, #63819-053, personal property was secured in the Special
Investigative department.





**U.S. Department of Justice**

**Federal Bureau of Prisons**

**Metropolitan Detention Center**

Brooklyn, New York 11232

**11-25-08**

**MEMORANDUM To:  Whom may concern**
**FROM: R. Birkland**

**SUBJECT:** G-43

On the above date I responded to a body alarm in G-43. When I entered the
unit I helped locked down the unit and then. Went by the other staff that
was in the front of the unit the was by an inmate lying down. I then left
the unit to get an elevator ready. When the inmate moved from the unit
to the third floor hospital and helped out.





UNITED STATES GOVERNMENT MEMORANDUM
FEDERAL BUREAU OF PRISONS
METROPOLITAN DETENTION CENTER
100 29TH STREET
BROOKLYN, NEW YORK 11232

---

**MEMORANDUM TO : Operations Lieutenant**

FROM:    Peter E Goldstein MD

SUBJECT:   Assault to IM Bartle 63819-053

This afternoon, I responded to a body alarm and assisted in the medical care of IM Bartle, Register # 63819-053 who had sustained a trauma to his skull.

IM Bartle was found to have a bleeding laceration in the posterior aspect of his skull which was bleeding heavily. With compression, the bleeding was controlled. Because of Alteration in Mental Status, 911 was called and transported IM Bartle to the local Hospital. At the time of transfer, he was oriented X 1.

Peter E Goldstein MD
MDC Brooklyn Medical Department

*P Goldstein MD*



**EXHIBIT B**

*On the Date Written Below LETTERS are Granted by the Surrogate's Court, State of New York as follows:*

File #: 2009-591

**Name of Decedent:** **Brian E Bartels**    Date of Death: **December 3, 2008**

**Domicile of Decedent:** **Bronx NY**

**Fiduciary Appointed:** **Delilah B A Bartels**
**Mailing Address**       30 Richman Plaza
                          Bronx NY 10453

Letters Issued:    **LETTERS OF LIMITED ADMINISTRATION**

Limitations:       **These letters authorize the collection of a total of $---0---. The collection in excess of that amount must be authorized by a further order of the Surrogate.**

**These Letters are issued with the limited and restricted powers as specified in SCPA SEC. 702 (1).**

**IT IS FURTHER ORDERED that DELILAH B.A. BARTELS in both his/her individual and fiduciary capacity, as well as any attorney who represents him/her in either capacity, shall not permit the collection or receipt of the proceeds from any action instituted or settled pursuant to the authority granted by these letters without the further order of this court or a court of competent jurisdiction pursuant to EPTL Sec. 5-4.6.**

THESE LETTERS, granted pursuant to a decree entered by the court, authorize and empower the above-named fiduciary or fiduciaries to perform all acts requisite to the proper administration and disposition of the estate/trust of the Decedent in accordance with the decree and the laws of New York State, subject to the limitations and restrictions, if any, as set forth above.

**Dated: April 3, 2009**    IN TESTIMONY WHEREOF, the seal of the Bronx County Surrogate's Court has been affixed.

WITNESS, Hon Lee L Holzman, Judge of the Bronx County Surrogate's Court.

*Diona M. Cruz*

_____
Diana M Cruz, Chief Clerk

*These Letters are Not Valid Without the Raised Seal of the Bronx County Surrogate's Court*

<u>**Attorney for the Estate:**</u>
**Arnold J Goldstein**
**Goldstein And Goldstein PC**
26 Court Street Suite 2005
Brooklyn NY 11242

Exh. B

**EXHIBIT C**



# OFFICE OF CHIEF MEDICAL EXAMINER
## CITY OF NEW YORK

## REPORT OF AUTOPSY



**Name of Decedent:** Brian Bartels        **M.E. Case #:** K08-05865

**Autopsy Performed by:** Melissa Pasquale-Styles, M.D.    **Date of Autopsy:** Dec. 5, 2008

## FINAL DIAGNOSES

I. BLUNT FORCE HEAD INJURY.
   A. SCALP LACERATION.
   B. SKULL FRACTURE.
   C. RIGHT SUBDURAL HEMATOMA.
      1. STATUS POST BILATERAL DECOMPRESSION CRANIECTOMIES.
   D. TRAUMATIC BRAIN INJURY (SEE NEUROPATHOLOGY REPORT).

II. BILATERAL PNEUMONIA.
   A. MULTIPLE LEFT LUNG ABSCESSES WITH ASSOCIATED LOCALIZED LEFT
      EMPYEMA.

**CAUSE OF DEATH:**        **BLUNT FORCE HEAD INJURY WITH SKULL FRACTURE, SUBDURAL HEMATOMA AND BRAIN CONTUSIONS.**

**MANNER OF DEATH:**        **HOMICIDE (ASSAULTED BY OTHER PERSON).**

**THIS IS A TRUE COPY**
Office of Chief Medical Examiner
This record cannot be released without
prior consent from the office of Chief
Medical Examiner, New York City, N.Y.

*Joy Prescod*
02-11-10

**EXHIBIT D**

X-2007-2-1207

### THE CITY OF NEW YORK
### OFFICE OF THE CITY CLERK
#### MARRIAGE LICENSE BUREAU

License Number

X-2007-326

# Certificate of Marriage Registration

This Is To Certify That   **Brian E Bartels**

residing at   30 Richman Plaza 24C, Bronx, NY 10453 United States of America

born on   7/4/1986   at   Accra,  , Ghana

and   **Delilah Boadi Ackah**
**New Surname: Bartels**

residing at   30 Richman Plaza 24C, Bronx, NY 10453 United States of America

born on   10/3/1988   at   Accra,  , Ghana

# Were Married

on   3/8/2007   at   Office of The City Clerk
**By Edwina Townes**   851 Grand Concourse, Room # B-131
NYC, NY

as shown by the duly registered license and certificate of marriage of said persons on file in this office.

#### CERTIFIED THIS DATE AT THE CITY CLERK'S OFFICE

**Bronx**   N.Y.   March 8, 20   07

PLEASE NOTE: Facsimile Signature
and seal are printed pursuant
to Section 11-A, Domestic
Relations Law of New York.

*Victor L. Robles*
**Victor L. Robles**
**City Clerk of the City of New York**

CET-F

## X015491

EXH "D"

**EXHIBIT E**

# CERTIFICATE OF BIRTH REGISTRATION

**NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE**

CATE FILED

## CERTIFICATE OF BIRTH

· 2007 JUN 25  A 1:10

Birth No

**156 -07-057847**

| 1. FULL NAME OF CHILD | First Name **Briana** | Middle Name **Abena Serwa** | Last Name **Bartels** | |
|---|---|---|---|---|
| 2. SEX **Female** | 3a. NUMBER DELIVERED of this pregnancy **1** | 4a. DATE OF CHILD'S BIRTH (Month) (Day) (Year) **June 19, 2007** | 4b. HOUR **10:33** | **AM** |
| | 3b. If more than one, number of this child in order of delivery | | | |

| 5. PLACE OF BIRTH | 5a. NEW YORK CITY BOROUGH OF **Bronx** | 5b. Name of Facility (if not in institution, street address) **Jacobi Medical Center** | 5c. TYPE OF PLACE **Hospital** |
|---|---|---|---|

| 6a. MOTHER'S FULL MAIDEN NAME **Delilah    Boadi    Ackah** | 6b. MOTHER'S DATE OF BIRTH (Month) (Day) (Year) **10/03/1988** | 6c. MOTHER'S BIRT PLACE City & State or foreign country **Ghana** |
|---|---|---|

| 7. MOTHER'S USUAL RESIDENCE a. State **NY** | b. County **Bronx** | 7c. City, town, or location **New York** | 7d. Street and house number **1245 Stratford Avenue Apt. A-1** | Zip **10472** | 7e. Inside city limits of 7c? **Yes** |
|---|---|---|---|---|---|

| 8a. FATHER'S FULL NAME **Brian    Edward    Bartels** | 8b. FATHER'S DATE OF BIRTH (Month) (Day) (Year) **07/04/1985** | 8c. FATHER'S BIRTHPLACE City & State or foreign country **Ghana** |
|---|---|---|

| 9a. NAME OF ATTENDANT AT DELIVERY **Sonia Braham, C.N.M.** | 9b. I CERTIFY THAT THIS CHILD WAS BORN ALIVE AT THE PLACE, DATE AND TIME GIVEN |
|---|---|

Signed _____ Manager

Name of Signer **Hector Torres**

Address **1400 Pelham Parkway, Bronx, NY 10461**

Date Signed _____, Year _____

| Information added or amended | |
|---|---|
| (Reason) | |
| Date | City Registrar |

**VITAL RECORDS     DEPARTMENT OF HEALTH AND MENTAL HYGIENE     THE CITY OF NEW YORK**

**Delilah Boadi Bartels**

**1245 Stratford Avenue         Apt. A-1**

**Bronx              NY       10472**

← MOTHER'S MAILING ADDRESS

Copy of this certificate will be mailed to her when it is filed with the Department of Health and Mental Hygiene.

Above is a Certificate of Birth Registration for your child, which is sent without charge. The Department of Health and Mental Hygiene does not certify to the truth of the statements made thereon, as no inquiry as to the facts has been provided by law. If the certificate contains any errors it is important to have them corrected as soon as possible. You may call (212) 788-4520 for information. Or, you may write to the Corrections Unit, Office of Vital Records, 125 Worth Street - CN4, New York, New York 10013. Forms and instructions are also available on the Department of Health and Mental Hygiene's Web site: www.nyc.gov/health

MAYOR          COMMISSIONER OF HEALTH AND MENTAL HYGIENE          CITY REGISTRAR

Do not accept this transcript unless it bears the security features listed on the back. Reproduction or alteration of this transcript is prohibited by §3.21 of the New York City Health Code if the purpose is the evasion or violation of any provision of the Health Code or any other law.

Date Issued          **July 2, 2007** .          DOCUMENT No.          **F626585**

**EXHIBIT F**



**Lutheran Medical Center**
**Physician's Portal - OP Report**

Generated Sat Oct 10 13:16:12 EDT 2009
Doc #01363512370330210120200909431 8727

## Demographics

| | | | |
|---|---|---|---|
| Patient Name: | BARTELS, BRIAN | MR # : | 0001237033 |
| | DOB: 07/04/1986 Age: 23 Sex: M | Home Phone : | 7.188404200 |
| Address: | 80 29TH STREET MDC | | |
| | BROOKLYN CORRECTIONAL | | |
| | BROOKLYN, NY 11232 | | |

## Visit

| | | | |
|---|---|---|---|
| Att. Physician: | TRAUMA, GLINIK | Pat. Location: | SCU |
| Acct: 0833002022 | Adm. Date: 11/25/2008 | Dis. Date: | 12/03/2008 |
| Adm. Dx: | HEAD TRAUMA | Working Dx: | HEAD TRAUMA |

## REPORT DETAILS

SURGEON: 13635 SAMUEL KIM, MD

DATE: 11/25/2008

OPERATION: Craniectomy and evacuation of subdural hematoma.

ANESTHESIA: General anesthesia.

ESTIMATED BLOOD LOSS: See anesthesia.

COMPLICATIONS: None.

INDICATION: This is a 22-year-old gentleman who was assaulted in a prison. He was brought in with a right subdural hematoma and frontal contusion. He had been following commands prior to intubation and sedation, but rapidly became neurologically worse.

I discussed the risks and benefits with his wife including bleeding, infection, stroke, coma, and death. She understood these risks and wished to proceed.

PROCEDURE: The patient was brought to the operating room. General anesthesia was administered via the ET tube which was already placed. The right side of the head was shaved, prepped and draped in the standard fashion. Betadine scrub and paint.

A very large question mark incision was made after infiltration with 1% lidocaine with epinephrine. The temporalis muscle was split. Retractors were placed. Bur holes were made in the temporal and frontal areas, and a very large craniotomy flap was fashioned. This bone flap was removed and not replaced. The dura was incredibly tense. This was cut in a cruciate fashion, and the brain started to fungate out under the subdura. The subdura was completely removed. Excellent hemostasis was obtained. A dural matrix was placed over the brain. As I said, the bone flap was left out.

Once hemostasis was excellent and nicely obtained, the galea was then closed with interrupted 0 Vicryl sutures, and the skin was stapled closed. This was dressed sterilely. I had also left a subgaleal drain and tunneled out a separate incision. Cottonoids and sponge counts were correct at the end of the case.

SAMUEL KIM, MD
Attending/Surgeon

SK/5552673

Ext - F -

/c.1

LUTHERAN MEDICAL CENTER
BROOKLYN NY    11220

RADIOLOGY AUTHENTICATED REPORT

Patient Name              BARTELS,BRIAN
Rm No./Source  SCU:4603:P    I/P  BD: 07/04/86      Sex: M    Age: 22Y
MR#:  L0001237033      Account # 0833002022      Disch Date:
Exam Date  11/25/08 2103

Ordering       TRAUMA,GLINIK
Physician:
                                                  Dpt Loc:
                                                  Cht Loc:


    Chk-in #    Order     Exam
    1828703     0018      0103     CT CRANIAL W/O INFUSION
                                   Ord Diag: TRAUMA


History-trauma.

CT EXAMINATION OF HEAD WITHOUT CONTRAST

Multiple axial images of the head are obtained without intravenous
administration of the contrast material. Comparison was made to the prior
of the brain from the same day.

Again noted foci of hemorrhagic contusion in the anterior frontal lobes
bilaterally slightly increased in size.    There is surrounding vasogenic
edema present.    There is a focus of parenchymal hemorrhage in the right
posterior superior frontal lobe with surrounding vasogenic edema.    There
is mass effect on the anterior horn of the right lateral ventricle.
There is no midline shift.

There is subdural hemorrhage in the posterior cranial fossa on the left.
 An air bubble is present in this area. There is a questionable linear
fracture of the occipital bone on the left.

There is a focus of parenchymal hemorrhage in the left occipital lobe.

FINAL                          I/P        (Continued)    Page  1

## LUTHERAN MEDICAL CENTER
### BROOKLYN NY    11220

### RADIOLOGY AUTHENTICATED REPORT

Patient Name          BARTELS, BRIAN
Rm No./Source  SCU:4603:P    I/P  BD: 07/04/86        Sex: M     Age: 22Y
MR#:  L0001237033       Account # 0833002022          Disch Date:
Exam Date  11/25/08 2103

Ordering          TRAUMA, GLINIK
Physician:

                                              Dpt Loc:
                                              Cht Loc:


        Checkin-Exam Code Summary
        1828703-0103


There is diffuse cerebral edema with effacement of sulci bilaterally.

There is partial opacification of the sphenoid sinus.    There is some
fluid in the left mastoid air cells. The rest of the visualized paranasal
sinuses and orbits are   unremarkable.

There is fluid in the nasopharynx, related to intubation.

Impression

Foci of hemorrhagic contusion in the anterior frontal lobes bilaterally
slightly increased in size.    There is surrounding vasogenic edema
present.    There is a focus of parenchymal hemorrhage in the right
posterior superior frontal lobe with surrounding vasogenic edema.    There
is mass effect on the anterior horn of the right lateral ventricle.

Subdural hemorrhage in the posterior cranial fossa on the left.    An air
bubble is present in this area. Questionable linear fracture of the
occipital bone on the left.

Focus of parenchymal hemorrhage in the left occipital lobe.

No midline shift.    Diffuse cerebral edema with effacement of sulci
bilaterally.
    FINAL                          I/P          (Continued)   Page  2

LUTHERAN MEDICAL CENTER
BROOKLYN NY    11220

RADIOLOGY AUTHENTICATED REPORT

Patient Name          BARTELS,BRIAN
Rm No./Source  SCU:4603:P    I/P  BD: 07/04/86      Sex: M    Age: 22Y
MR#:  L0001237033      Account # 0833002022      Disch Date:
Exam Date  11/26/08 0642

Ordering      TRAUMA,GLINIK
Physician:
                                              Dpt Loc:
                                              Cht Loc:


Chk-in #    Order    Exam
1828845     0056     0103    CT CRANIAL W/O INFUSION
                            Ord Diag: SDH


Study    CT of head

History/ TRAUMA

Multiple axial sections of head were obtained without contrast injection.

There is grossly no significant interval change from the previous study
11/25/08 9.46pm.

There is fracture of left occipital skull.

There are irregular hematomas in the bilateral frontal lobe, left
posterior temporal lobe and right temporal lobe, and a slight subdural
hematoma in the left posterior fossa area.

There is diffuse brain edema.

There is mass affect at the mid brain area noted.

Clinical correlation and follow up study is suggested for further
evaluation.
     FINAL                          I/P        (Continued)    Page  1

LUTHERAN MEDICAL CENTER
BROOKLYN NY   11220

RADIOLOGY AUTHENTICATED REPORT

Patient Name          BARTELS,BRIAN
Rm No./Source  SCU:4603:P   I/P  BD: 07/04/86      Sex: M    Age: 22Y
MR#:  L0001237033      Account # 0833002022      Disch Date:
Exam Date  11/26/08 1831

Ordering       TRAUMA,GLINIK
Physician:                                        Dpt Loc:
                                                  Cht Loc:


Chk-in #    Order    Exam
1829320     0077     0103    CT CRANIAL W/O INFUSION
                            Ord Diag: F/U


History-trauma.

CT EXAMINATION OF HEAD WITHOUT CONTRAST

Multiple axial images of the head are obtained without administration of
the    intravenous    contrast material. Comparison was made to the prior
CT of the brain from the same day.

The patient is status post right frontal temporal parietal craniectomy.
There is pneumocephalus , extra axial hemorrhage and subcutaneous
emphysema    at the craniectomy site.
Again seen are foci of parenchymal hemorrhage in the bilateral frontal
lobes, right parietal and temporal lobes as well as    in the left
occipital lobe not significantly changed. There is surrounding vasogenic
edema present.    There is mass effect on the    ventricles.    There is
diffuse cerebral edema with effacement of sulci and cisterns bilaterally
and protrusion of the brain tissue through the craniectomy defect. There
is a focal midline shift to the left at the level of temporal horns..
There is subdural hemorrhage in the posterior cranial fossa on the left.
    There is a nondisplaced linear fracture of the left occipital bone.
Skin staples are in place.
         FINAL                          I/P       (Continued)    Page   1

184

LUTHERAN MEDICAL CENTER
BROOKLYN NY    11220

RADIOLOGY AUTHENTICATED REPORT

Patient Name          BARTELS,BRIAN
Rm No./Source  SCU:4603:P    I/P  BD: 07/04/86     Sex: M    Age: 22Y
MR#:  L0001237033      Account # 0833002022      Disch Date:
Exam Date  11/27/08 0716

Ordering      TRAUMA,GLINIK
Physician:                                         Dpt Loc:
                                                   Cht Loc:


   Chk-in #    Order    Exam
   1829502     0162     3053    XR PORTABLE CHEST
                                Ord Diag: F/U


Clinical history.  Follow-up

AP view of chest

Endotracheal, nasogastric tube, central line and left chest tube in
place. There is   left pneumothorax.   Right basilar atelectasis noted.

Impression

The left pneumothorax and right basilar atelectasis.  /

     Transcriptionist- KOPRESH GUDI, RADIOLOGIST
     Reading Radiologist- KOPRESH GUDI, RADIOLOGIST
     Releasing Radiologist- KOPRESH GUDI, RADIOLOGIST
     Released Date Time- 11/28/08 1146

Technologist : TERRANCE SLYMAN, TECHNOLOGIST
Exam Start   : 88312777
Exam Stop    : 88312777

FINAL                          I/P                          Page  1

199

LUTHERAN MEDICAL CENTER
BROOKLYN, NEW YORK 11220

**BLOOD COMPONENT
REQUEST/PICK-UP**

```
MR #: 0001237833
Acct #: 0833002022
Name: BARTELS,BRIAN
Sex: M    DOB: 7/4/1986
Admit Date: 11/25/2008
Loc: SCU 4603A  Ch Loc:
Dr: 9916 TRAUMA,CLINIK
```

*Si cu*

Date: 11/28/08

**INSTRUCTIONS:**
1. Physician completes and signs this form for each transfusion episode.
2. One copy of form is to be placed in patient chart, one copy is to be brought to Blood Bank by person picking up blood

**COMPONENT REQUESTED:**

☑ Red Blood Cells    ☐ Fresh Frozen Plasma    ☐ Platelets    ☐ Cryoprecipitate

NUMBER OF UNITS REQUESTED: ___one unit___

SPECIAL REQUESTS: ___STAT___

REASON FOR SPECIAL REQUEST: ___s/p BIL craniectomies___

**PLEASE CHECK ONE IF YOUR PATIENT HAS UNITS AVAILABLE:** ☐ AUTOLOGOUS    ☐ DIRECTED

DIAGNOSIS OR PROCEDURE: ___anoxic brain injury — needs Hg > 10___

**GUIDELINES FOR TRANSFUSION:** Please note the criteria listed below are not to be used as "Transfusion Triggers". The criteria listed below are used as guidelines for justification. Patients that fall into one of the listed categories may not necessarily need to be transfused. Clinical status of the patient should always be considered before deciding to transfuse.

**RED BLOOD CELLS**

☐ Hgb less than 8 gm. / Hct. less than 24% and symptomatic **
☐ Hgb less than 8 gm. / Hct. less than 24% and acute bleed or high risk*
☐ Hgb less than 9 gm / Hct. less than 27% and bleed greater than 1 unit / 24 hrs.
☑ Any Hgb in high risk group with acute bleed
☐ Any Hgb, acute bleed and symptomatic*
☐ Any Hgb, bleed greater than 2 units / 24 hrs.
☐ Other: _____

**PLATELETS**

☐ Plt. less than 20,000 without TTP, ITP
☐ Plt. less than 50,000, minor bleed or minor surgery
☐ Plt. less than 90,000 and bleed req. RBC transfusion
☐ Abnormal bleeding time conf. by a hematologist
☐ Massive RBC transfusion greater than 10 units / 12 hrs.
☐ Other: _____

Approved by: _____
(Name of Hematologist)

**FRESH FROZEN PLASMA**

☐ Known confirmed coag. disorder / abnormal coag. test (greater than x 1.5) and bleeding or prep for major surgery
☐ Clinical evidence of abnormal bleeding***
☐ TTP
☐ Other: _____

**CRYOPRECIPITATE**

☐ Factor VIII or VWF deficiency and bleed or presurgical
☐ Factor VIII or VWF deficiency and RBC Transfusion greater than 2 unit / 24 hrs.
☐ Uremic bleeding not corrected by DDAVP
☐ Other: _____

29NOV'08 AM 9:12 DIS H

**TRANSFUSION REQUEST COMMENTS:** _____

REQUESTING PHYSICIAN'S NAME ___Osama Elsawy___    SIGNATURE: _____ 1355

* High Risk: COPD, Coronary HD, CVA
** Symptomatic: Tachycardia, Angina,EKG Changes, SOB. etc.
*** Bleeding Venipuncture Sites or General Oozing

PICKED UP BY: _____

Form Number 4630486 (Rev. 12/22/04)

ORIGINAL: CHART    COPY: BLOOD BANK

IN THE MATTER OF THE CLAIM OF DELILAH B. A. BARTELS
INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE
OF BRIAN E. BARTELS, DECEASED

-and-

FEDERAL BUREAU OF PRISONS

---

## CLAIM FOR DAMAGES FOR PERSONAL INJURY AND DEATH

---

## GOLDSTEIN & GOLDSTEIN

*Attorneys for Claimant*
26 Court Street, 20th Floor
Brooklyn, New York 11242
(718)855-0551

---

CLAIM FOR DAMAGES FOR PERSONAL INJURY AND DEATH WITH
REFERENCE TO THE CLAIM OF DELILAH B. A. BARTELS
RECEIVED THIS       DAY OF NOVEMBER, 2010.

FEDERAL BUREAU OF PRISONS
Northeast Regional Office

By: _____ 11/14/11

Title: _Regional Counsel_

Harry Sadowski



**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

*Via Certified and Return-Receipt Mail*

---

*U.S. Custom House-7th Floor*
*2nd & Chestnut Streets*
*Philadelphia, PA. 19106*

May 18, 2011

Arnold J. Goldstein, Esq.
Goldstein & Goldstein, P.C.
26 Court Street, 20th Floor
Brooklyn, NY    11242

RE:  Administrative Tort Claim No. TRT-NER-2011-01140
     Filed concerning Brian Bartels, Reg. No. 63819-053

Dear Mr. Goldstein:

This is in response to the Administrative Tort Claim, No.
TRT-NER-2011-01140, you filed concerning Brian Bartels, Reg. No.
63819-053, who died on December 4, 2008.   This claim was received by this
agency on November 19, 2010, and has been considered for settlement as
provided by the Federal Tort Claims Act (FTCA) 28 U.S.C. § 2672, under
authority delegated to me by 28 C.F.R. § 543.30.   You seek damages in the
amount of $4,900,000.00, for the alleged negligence of the United States
claiming to result in the death of Mr. Bartels.

After careful review of this claim, I have decided not to offer
a settlement in this matter.   Although unfortunate, Mr. Bartels death was
not the result of any negligence, either in supervision or medical care,
on the part of any Bureau of Prisons' employee.   Accordingly, the claim
is denied.

If you are dissatisfied with this decision, you may bring an action against
the United States in an appropriate United States District Court within
six (6) months of the date of this letter.

Sincerely,

Henry J. Sadowski
Regional Counsel


cc: Duke Terrell, Warden, MDC Brooklyn

U.S. Department of Justice
Federal Bureau of Prisons
Northeast Regional Office

U.S. Custom House - 7th Floor
2nd and Chestnut Streets
Philadelphia, PA 19106

Official Business



CERTIFIED MAIL

7008 3230 0001 8271 5564



UNITED STATES POSTAGE

U.S. OFFICIAL MAIL
PENALTY FOR
PRIVATE USE $300

02 1P
0006898760        $ 005.54⁰
                  MAY 19 2011
MAILED FROM ZIP CODE 19106